**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41060
Summary Calendar
_____

CURTIS SHABAZZ,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, RODNEY COOPER, HEAD WARDEN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-70

_____

March 17, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Curtis Shabazz, Texas state prisoner # 522178, appeals the
district court's dismissal as frivolous of his 42 U.S.C. § 1983
complaint based on its being time-barred.  He argues that the
statute of limitations was tolled while his federal habeas petition
was pending and that it was also tolled by a continuing violation
of his right to access to the courts.  The basis for Shabazz's suit

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is his claim that he was prejudiced by the prison officials' failure to advise him of the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) or of its statute of limitations until after the grace period for filing a habeas petition had run.

The district court erroneously dismissed Shabazz's complaint as time-barred. A cause of action for denial of access to the courts does not accrue until the claimant sustains a "relevant actual injury." Shabazz did not sustain such an injury until the U.S. Supreme Court refused to review this court's determination that Shabazz's habeas petition was untimely filed.[1] Shabazz filed his § 1983 complaint within two years of that determination; therefore it was timely filed.[2]

The appellees suggest that the complaint should have been dismissed pursuant to *Heck v. Humphrey*.[3] However, *Heck* is inapplicable to the present suit because Shabazz does not seek damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render

---

[1] *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (listing as an example of actual injury a court's dismissal of an inmate's suit "for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.").

[2] *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

[3] 512 U.S. 477, 486 (1974).

a conviction or sentence invalid."[4]

Shabazz argues that he was denied access to the courts because appellees failed to inform him of the AEDPA statute of limitations.[5] By implication, Shabazz's claim that he was denied access to the court as a result of receiving the untimely notice of the AEDPA statute of limitations is foreclosed by this court's precedent. This court's prior determination that equitable tolling was inapplicable despite Shabazz's lack of notice of the filing deadline until after termination of the limitation period indicates that the failure to timely provide the information did not constitute a constitutional violation.[6] Because his complaint does not support an arguable constitutional violation, Shabazz's § 1983 suit was properly dismissed as frivolous although on different grounds than those relied upon by the district court.

The district court's dismissal of Shabazz's complaint is AFFIRMED. We also find that the district court did not abuse its discretion in denying Shabazz's motion to amend. Shabazz's motion

---

[4] *Id.*

[5] He alleged that the defendants had "a legal duty to ensure that all new laws relating to criminal jurisprudence are promulgated timely to all inmates, including those such as me confined to Administrative Segregation and denied direct access to [the] law library and legal assista[n]ce from persons trained in the Law."

[6] *See Shabazz v. Johnson*, 99-10609 (Dec. 19, 2000) (unpublished) (holding that Shabazz's ignorance of the law, even though occasioned by TDCJ's failure to notify him of the limitations period, did not constitute a "rare and exceptional" circumstance meriting equitable tolling).

to file a supplemental brief is DENIED.

AFFIRMED.